■    ARTHUR R. ENGLISH, Respondent, v. U. S. PLYWOOD-CHAMPION PAPERS, INC., Appellant.— Order, Supreme Court, New York County, entered April 17, 1973, is unanimously modified, on the law, to (1) reinstate the first, second and third affirmative defenses; (2) direct that the committee be joined as a party defendant; and (3) grant partial summary judgment dismissing that part of the complaint which seeks punitive damages; and, as so modified, the order is affirmed, without costs and without disbursements. Each of the three defenses stricken by Trial Term is validly stated, being based in fact, upon the very provisions of the Plan plaintiff seeks to enforce. The first affirmative defense alleging that there is no existing justiciable controversy is based upon those provisions of the Plan indicating that there is no jural relationship between the parties and further, upon the factual allegations that the committee, which is charged with administration of the Plan, has never made a final determination affecting plaintiff's rights under the Plan. Accordingly, it may well be that the action is premature. Similarly, the second defense alleging that the plaintiff has no legal or equitable rights against this defendant is based upon paragraph 15.1 of the Plan which provides that " establishment of the Plan * * * shall not be construed as giving any person whomsoever any legal or equitable right against a Company, Subsidiary, or Affiliate ". The third affirmative defense alleging that the committee is an indispensable party is based upon paragraph 12.1 of the Plan which vests administration of the Plan in a committee and provides that " any questions [concerning] the eligibility * * * of Employees " shall be determined by the committee and that the committee's determination " shall be conclusive and binding on all persons concerned." Not only is the third defense valid on its face, but it is readily apparent that the committee must be joined as a party defendant since it is the real party in interest, and effective relief may not be granted in the committee's absence. With reference to the claim for punitive damages, there is complete abse ?e of any factual basis justifying such claim. Concur — McGivern, J. P., Nunez, Murphy, Tilzer and Capozzoli, JJ.